NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3239

KATHLEEN M. JOYCE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 7, 2005

_____

Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Kathleen M. Joyce ("Joyce") petitions this court to review the final judgment of the Merit Systems Protection Board ("Board") dismissing her petition for review as untimely filed without a showing of good cause.  Joyce v. U.S. Postal Service, No. BN-0353-01-0210-I-1 (Apr. 18, 2005) (Final Order).  Because the Board did not abuse its discretion in dismissing Joyce's appeal as untimely, we affirm.

Joyce resigned from employment with the U.S. Postal Service ("USPS") in 1987. In 1997, she sought restoration with the USPS and was denied. Joyce appealed the USPS's decision to the Board. Finding that Joyce was not entitled to appeal the denial of restoration because her resignation was not substantially related to a compensable injury, the Administrative Judge ("AJ") dismissed for lack of jurisdiction. Joyce v. U.S. Postal Service, No. BN-3443-98-0041-I-1 (Apr. 24, 1998). The Board subsequently denied Joyce's petition for review. Joyce v. U.S. Postal Service, 81 M.S.P.R. 688 (1999).

On August 1, 2001, Joyce again petitioned the Board to review another USPS decision denying her restoration. In an initial decision, the AJ dismissed Joyce's petition, finding that she was collaterally estopped from relitigating whether she was entitled to restoration rights. Joyce v. U.S. Postal Service, No. BN-0353-01-0210-I-1 (Nov. 28, 2001) (Initial Decision). The initial decision, issued on November 28, 2001, incorrectly stated that the decision would become final on November 19, 2001, rather than January 2, 2002. Thus, the incorrect finality date was earlier than the issuance of the initial decision. On May 10, 2004, more than two years after the filing deadline, Joyce filed a petition for review with the Board. Because Joyce's petition appeared to be untimely filed, the Board issued a notice advising her that the petition would be dismissed if she failed to establish good cause for the delay. Joyce responded by arguing that the delay in filing was caused by her continued reliance on "wrong" or "bad" dates.

On April 18, 2005, finding that the incorrect date stated in the initial decision did not prejudice Joyce's substantive rights, the Board dismissed her petition for review as untimely filed without a showing of good cause.[1]  Joyce, slip op. at 4-5 (Final Order). Joyce timely appealed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

A

Our scope of review in an appeal from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Walls v. MSPB, 29 F.3d 1578, 1581 (Fed. Cir. 1994).  The Board has discretion to decide whether the time limit for a filing deadline should be waived based upon a showing of good cause, and we will not substitute our judgment for that of the Board.  Mendoza v. MSPB, 966 F.2d 650, 653 (Fed. Cir.1992) (en banc).

B

Joyce argues that the Board erred in dismissing her petition for review as untimely filed without a showing of good cause.  We disagree.

---

[1]     The Board also construed Joyce's claims of incorrect dates as a request to reopen her earlier appeal and to reconsider the 1999 final decision.  The Board denied her request as untimely and unsupported by any explanation of what the error was or how it affected the outcome. Joyce, slip op. at 5.

Before the Board will waive the time limit for filing an appeal, the petitioner must show good cause for the delay in filing. See 5 C.F.R. § 1201.22(c) (2005). To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline. Phillips v. U.S. Postal Service, 695 F.2d 1389, 1391 (Fed. Cir. 1982). The factors bearing on whether there is good cause for an untimely filing include the length of the delay, whether the appellant was notified of the time limit, the existence of circumstances beyond the appellant's control that affected her ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing. See Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003).

Joyce asserts that the filing deadline should be waived because the incorrect finality date stated in the 2001 initial decision continuously affected her restoration efforts and ability to timely file an appeal. To support her contention, Joyce states that she did not discover the "wrong" information "until well after the January 2, 2002 deadline."

The Board found, and we agree, that Joyce has not shown that the delay was excusable under the circumstances and that she failed to exercise due diligence in attempting to meet the filing deadline. Joyce offers no support to show that her delay was excusable, but merely concludes that the incorrect date affected her ability to timely file an appeal. Although the 2001 initial decision stated an incorrect finality date, we agree with the Board that the decision nevertheless sufficiently placed Joyce on notice

of the limited period for filing an appeal.[2]  <u>Joyce</u>, slip op. at 4.  Given the adequate notice of the limited time frame, the incorrect date did not excuse Joyce from filing her appeal over two years after the deadline had passed.  Moreover, the Board determined that a finality date specified in the initial decision that was prior to the date of issuance of that decision would lead a diligent person to inquire about or attempt to determine the proper filing deadline.  <u>Id.</u>  We see no reason to disturb the Board's finding.  Joyce fails to allege facts demonstrating that she made an effort to learn the correct filing deadline.  To the contrary, her statement alleging she did not discover the error until after the filing deadline further supports the Board's finding that Joyce failed to exercise due diligence.

Joyce further alleges that she had good cause for the delay in filing because her ongoing challenges before the Board and the Equal Opportunity Employment Commission are circumstances beyond her control.  We disagree.  Joyce's contention is unsupported and fails to explain how these ongoing cases affected her ability to timely file an appeal.  Her unsubstantiated assertion of circumstances beyond her control is insufficient to overcome the Board's finding that no good cause existed for the filing delay.

Because Joyce filed her petition over two years after the filing deadline had passed and has not shown that the incorrectly stated finality date affected her ability to timely file an appeal, the Board did not abuse its discretion in dismissing Joyce's petition for review as untimely without a showing of good cause.

III

---

[2]  The 2001 initial decision specified that if it was received more than 5 days after the issuance, the appellant could file a petition for review within 30 days after the date Joyce actually received it.

We affirm the judgment of the Board.  Each side shall bear its own costs.